IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLORENCE MUSSAT, M.D., S.C., an Illinois Corporation, individually and on behalf of a class, <br><br> Plaintiff, <br><br> v. <br><br> INSURANCE GROUP OF AMERICA HOLDINGS, L.L.C., and TIMOTHY E. SHERIDAN, <br><br> Defendants. | 13-cv-7798 <br><br> Judge Shadur |

**THIRD AMENDED COMPLAINT-CLASS ACTION**

**INTRODUCTION**

1.  Plaintiff Florence Mussat, M.D., S.C., an Illinois Corporation, ("Plaintiff") brings this action individually and on behalf of a class to secure monetary redress from Defendants Insurance Group of America Holdings, L.L.C. ("IGA") and Timothy E. Sheridan ("Sheridan") (collectively "Defendants") for faxing unlawful advertisements that do not contain the required opt-out notice required by the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question) and 47 U.S.C. § 227 ("TCPA"). *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012); *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005).

3.  Venue and personal jurisdiction in this District are proper because Defendants committed tortious acts in Illinois by the transmission of unlawful communications within the state, specifically targeting their unlawful advertising to Plaintiff.

**PARTIES**

4. Plaintiff in an Illinois corporation with offices in the Chicago metropolitan area that at all times relevant to this Complaint maintained a telephone facsimile machine corresponding with the telephone number (773) 868-3700.

5. According to the Texas Secretary of State, Insurance Group of America Holdings, L.L.C., is a Texas Limited Liability Company and its registered agent is Timothy Eugene Sheridan, 8217 Shoal Creek Blvd., Suite 107, Austin, TX 78757. IGA maintains offices at 300 Beardsley, Bldg. C, Suite 201, Austin, Texas, 1506 Broadway St., Suite 211, Pearland, Texas and 15400 Emerald Coast Parkway, Destin, Florida.

6. Insurance Group of America Holdings, L.L.C., does business under the name IGA Physician Services.

7. According to the State Bar of Texas, Timothy E. Sheridan, is an attorney, with an office located at 10132 Tularosa Pass, Austin, Texas 78726, who is the owner and president of IGA and his job duties are virtually everything related to the operation of IGA.

**FACTS**

8. One or both Defendants obtained from InfoUSA Florence Mussat, MD's contact information, however on information and belief, did not obtain Plaintiff's fax number from InfoUSA.

9. Along with Florence Mussat's contact information, one or both Defendants obtained approximately one hundred thousand (100,000) persons' contact information from InfoUSA.

10. One or both Defendants subsequently obtained Plaintiff's fax number and the fax number of other members of the class defined below.

11. In or around October 2012, Plaintiff received the fax, a copy of which is attached as Exhibit A ("the fax"), on its facsimile machine.

12. IGA electronic database regarding Florence Mussat, MD indicates in part, "sent fax 10/11".

13. IGA's database is programmed that the "sent fax" notation can be entered into its database by pressing a button.

14. IGA, acting through Sheridan, sent the fax using MetroFax, a web based faxing service, to Plaintiff.

15. The sender of the fax intended the fax to be sent in order that it could reach Plaintiff.

16. Defendant IGA is the entity whose products or services, were advertised in the fax.

17. There are no reasonable means for Plaintiff and the other recipients of Defendants' advertising faxes to avoid receiving illegal faxes as fax machines must be left on and ready to receive urgent or private medial communications authorized by their owners, especially those in he medical community to whom Defendants' fax was targeting.

18. Furthermore no opt-out notice as required by the TCPA, even when faxes are sent with consent or pursuant to an established business relationship, was provided in the fax.

**COUNT I – TCPA**
**LACK OF OPT-OUT NOTICE**

19. Plaintiff incorporates ¶¶ 1-19 above.

20. 47 U.S.C. § 227(b)(2) gives the Federal Communications Commission the authority to issue regulations implementing the TCPA.

21. 47 C.F.R. § 64.1200 (a) (4) (iv) provides:

3

A facsimile advertisement that is sent to a recipient that has provided express invitation or permission to the sender must include an opt-out notice that complies with the requirements in paragraph (a) (4) (iii) of this section.

22. 47 C.F.R. § 64.1200 (a) (4) (iii) provides:

The advertisement contains a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements. A notice contained in an advertisement complies with the requirements under this paragraph only if--
(A) The notice is clear and conspicuous and on the first page of the advertisement;
(B) The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a) (4) (v) of this section is unlawful;
(C) The notice sets forth the requirements for an opt-out request under paragraph (a) (4) (v) of this section;
(D) The notice includes--
    (1) A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and
    (2) If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and
(E) The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

23. The fax does not contain an opt-out notice compliant with 47 C.F.R. § 64.1200 (a) (4) (iii).

24. The TCPA, 47 U.S.C. § 227(b)(3), provides:

Private right of action.

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–
  (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
  (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
  (C) both such actions.
  If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion,

increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

25. Plaintiff and each class member who received an unlawful fax advertisement from Defendants suffered some loss.

26. Furthermore, Plaintiff's and each class member's statutory right of privacy was invaded.

27. Plaintiff and each class member are entitled to statutory damages under the TCPA.

28. Defendants violated the TCPA even if their actions were only negligent.

## CLASS ALLEGATION

29. Plaintiff brings this claim on behalf of a class under the Rule 23(a) and (b)(3) consisting of: All persons, from whom their name was obtained from InfoUSA, who were sent one or more telephone facsimile messages from June 1, 2012, to February 1, 2013, that advertised the commercial availability of goods or services offered by Insurance Group of America Holdings, that did not contain an opt-out notice that complied with federal law.

30. On information and belief, the class is so numerous that joinder of all members is impractical.

31. Plaintiff alleges on information and belief that there are more than 40 members of the class above.

32. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether Defendants engaged in a pattern of faxing advertisements that did not include an opt-out notice;

      b.      The manner in which Defendants compiled or obtained the list of recipients who they faxed advertisements to; and

      c.      Whether Defendants negligently or willfully violated the TCPA.

33.    Plaintiff will fairly and adequately protect the interests of the class. *See Florence Mussat, M.D., S.C. v. Global Healthcare Resources, LLC,* 11-cv-7035, 2013 U.S. Dist. LEXIS 35107 * 13 (N.D. Ill. Mar. 13, 2013) (holding that the same Plaintiff here was as an adequate class representative in an TCPA unsolicited faxed advertisement case by, "participating actively").

34.    Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.

35.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendants are small because it is not economically feasible to bring individual actions.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants jointly and severally for:

      a.   Statutory damages under the TCPA; and

      b.   Costs of suit.

**COUNT II – TCPA**
**LACK OF CONSENT**

36.    Plaintiff incorporates ¶¶ 1-19 above.

37.    The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine . . . ." 47 U.S.C. §227(b)(1)(C).

38. The fax is material advertising the commercial availability or quality of "IGA PHYCICIAN SERVICES" goods or services.

39. The fax was sent without Plaintiff's prior express invitation or permission, in writing or otherwise.

40. Prior to sending the subject fax, neither Defendant had a prior established business relationship with Plaintiff.

41. Prior to sending by fax material advertising the commercial availability or quality of IGA's goods or services, neither Defendant had a prior established business relationship with the person to whom the advertising fax was sent to.

42. Prior to sending by fax material advertising the commercial availability or quality of IGA's goods or services, neither Defendant had a prior express invitation or permission in writing or otherwise to send the fax.

## CLASS ALLEGATION

43. Plaintiff brings this claim on behalf of a class under the Rule 23(a) and (b)(3) consisting of: All persons, from whom their name was obtained from InfoUSA, who were sent one or more telephone facsimile messages from June 1, 2012, to February 1, 2013, that advertised the commercial availability of goods or services offered by Insurance Group of America Holdings, where neither Defendants had a prior established business relationship with or prior express invitation or permission, in writing or otherwise to send such an advertisement by fax.

44. On information and belief, the class is so numerous that joinder of all members is impractical.

45. Plaintiff alleges on information and belief that there are more than 40 members of

the class above.

46. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether Defendants engaged in a pattern of faxing advertisements without a prior established business relationship;

    b. Whether Defendants engaged in a pattern of faxing advertisements without prior express invitation or permission, in writing or otherwise to send such an advertisement by fax; and

    c. Whether Defendants negligently or willfully violated the TCPA.

47. Plaintiff will fairly and adequately protect the interests of the class. *See Florence Mussat, M.D., S.C. v. Global Healthcare Resources, LLC,* 11-cv-7035, 2013 U.S. Dist. LEXIS 35107 * 13 (N.D. Ill. Mar. 13, 2013) (holding that the same Plaintiff here was as an adequate class representative in an TCPA unsolicited faxed advertisement case by, "participating actively").

48. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.

49. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendants are small because it is not economically feasible to bring individual actions.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants jointly and severally for:

      a.    Statutory damages under the TCPA; and

      b.    Costs of suit.

                  Respectfully submitted,

                  <u>s/ Curtis C. Warner</u>
                    Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
1400 E. Touhy Ave., Ste. 425
Des Plaines, IL 60018
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

# EXHIBIT A

YOUR MONEY.   YOUR REPUTATION.   OUR CONCERN.



# Medical Malpractice Insurance Premium Indication!

Dear Dr. Mussat,

With the market for professional liability insurance changing as rapidly as the Healthcare environment, there are many options available to you that could substantially reduce your premium and improve your coverage.

In the past year alone, there have been many carrier acquisitions and new entrants, which have created the largest buyer's market in the history of medical malpractice insurance.

Below are rates from Admitted carriers for your Specialty:

| Specialty | County | Rate Year | Limits | Carrier A | Carrier B |
|---|---|---|---|---|---|
| Plastic Surgery | Cook | No Prior Acts | 1M/3M | $6,521 | $8,203 |
| Plastic Surgery | Cook | 1 Year | 1M/3M | $28,983 | $32,283 |
| Plastic Surgery | Cook | 2 Years | 1M/3M | $43,475 | $50,362 |
| Plastic Surgery | Cook | 3 Years | 1M/3M | $57,966 | $57,966 |
| Plastic Surgery | Cook | 4+ Years | 1M/3M | $57,966 | $64,567 |

With experience dating back to 1986 representing over 10,000 physicians across the country, there is no other brokerage more suited to handle all your medical malpractice insurance needs.

Our mission is, and has always been, simple: to ensure you are receiving the most amount of coverage for the least amount of cost – every year.

For more information and a free customized Market Assessment, please contact us at 866.578.3161 or email to tim@igaholdings.com.

Sincerely,

Timothy E. Sheridan, J.D.
Managing Partner

*The above indications include discounts you may be eligible to receive. They are not an offer of coverage and are subject to underwriting approval.

P.O. Box 10343 | Austin, TX 78766            T: 866.578.3161 | F: 512.777.4938