IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FLORENCE MUSSAT, M.D., S.C., an Illinois Corporation, individually and on behalf of similarly situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | 13-cv-7798 |
| v. | ) ) ) | Magistrate Judge Young B. Kim |
| INSURANCE GROUP OF AMERICA HOLDINGS, L.L.C. and TIMOTHY E. SHERIDAN, | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

NOW COMES, Plaintiff Florence Mussat, M.D., S.C., in Illinois corporation, and in support of its motion for attorney's fees and costs in the amount of $20,000, states as follows:

Under the terms of the settlement agreement, Plaintiff can petition the Court for attorney's fees and costs up to an amount of $20,000, which is 38.01%[1] of the common fund. This permits Plaintiff the ability to lower the total amount sought at final approval if, for example, there is a large percentage of the class members who participate in this settlement, or if objectors believe this percentage of the common fund or lodestar amount sought is too high.

---

[1] Because under the Agreement, the costs of administration are to be paid from the common settlement fund, if the Court applies a pure percentage of the fund award, the Court must apply a fair and reasonable percentage times the sum of common fund minus the amount of administrative costs. *Peason v. NBTY, Inc.*, 772 F.3d 778, 781 (7th Cir. 2014) (*citing Redman v. RadioShack*, 768 F. 3d 622, 630 (7th Cir. 2014) (costs are not benefits to the class). This formula will reduce the amount of attorney's fees to be awarded in this case.

Pursuant to Rule 23(h), a court may order reasonable attorney's fees as a part of the parties' settlement. "[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980). Under the "'common fund doctrine' . . . a reasonable fee is based on a percentage of the fund bestowed on the class." *Blum v. Stenson*, 465 U.S. 886, 900 n. 16 (1984). This doctrine is derived from the idea that individuals who benefit from litigation should share the cost of that litigation. *Sutton v. Bernard*, 504 F.3d 688, 691-92 (7th Cir. 2007).

Where the common fund is large, the percentage of attorney's fees is smaller. *See e.g. In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 748 (7th Cir. 2011) (holding in a common fund FCRA case that, "22 percent of the $18.75 million in total fees that should have been awarded, which is $4.125 million."); *Taubenfeld v. Aon Corp.,* 415 F. 3d 597 (7th Cir. 2005) (affirming award of 30% of the $7.25 million settlement fund plus costs.); *c.f. In re Cincinnati Gas & Electric Co. Sec. Litig.*, 643 F. Supp. 148, 149-50 (S.D. Ohio 1986) ("Common fund case awards in class actions customarily are expressed in terms of a percentage of the benefit created; typically the percentages range from 20%-50%."); In reaching the award in *Taubenfeld*, the Court court considered, among other things, the following factors: (1) "awards made by courts in other class actions" which "amount[ed] to 30-39% of the settlement fund"; (2) "the quality of legal services rendered"; and (3) "the contingent nature of the case. *Id.* at 600. In this case, (1) 38.01% falls within the rage awarded in settlement funds; (2) Plaintiff obtained a class fund as a part of a settlement with financially distressed defendants who had insurance

coverage issues; and (3) Plaintiff's counsel took the TCPA part of the case on a contingency basis.

However, in a case were a common fund is established, even in a TCPA junk fax case like this, the court at its discretion can determine the amount of reasonable attorney's fees by applying the parties' agreed percentage of fund method or apply a loadstar calculation. *Americana Art China Co. v. Foxfire Printing & Packaging, Inc.*, 743 F.3d 243 (7th Cir. 2014). Here under the lodestar approach Plaintiff's attorney's fees total lodestar amount is $27,340 based on 7.6 hours at $450 per hour from 8/2014 to the present and 59.8 hours at $400 per hour from 2013-8/2014. Attached as Exhibit A is Plaintiff's counsel's declaration and time sheet.

"[T]his circuit has allowed the party seeking attorneys' fees to create a presumption that an hourly rate is reasonable where the attorney demonstrates that the hourly rate she has requested is in line with what she charges other clients for similar work." *Jeffboat, LLC v. Director, OWCP*, 553 F.3d 487, 489-90 (7th Cir. 2009) (*citing Mathur v. Bd. Of Trs of S. Ill. Univ.,* 317 F.3d 738, 743 (7th Cir. 2003)); *Blum v. Stenson*, 465 U.S. 886, 894 n.9 (1984) (citations omitted). Mr. Warner's rate has been approved at $450 per hour in *Prusak v. Lumber Liquidators, Inc..* 12 C 6984 (N.D. Ill. Nov. 11, 2014) and at $400 per hour for work done prior to August 1, 2014, in *Tang Rincon v. Taqueria Los Comales #1, Inc.*, 13 C 2712 (N.D. Ill. Apr. 30, 2014), and *Florence Mussat M.D., S.C. v. Global Healthcare Resource, LLC,* 11 C 7035 (N.D. Ill. Nov. 1, 2013).

In addition to attorney's fees, counsel is entitled to the reimbursement of their reasonable out-of-pocket expenses. *See* Fed. R. Civ. P. 23(h). In this case, Plaintiff is seeking reimbursement of $1,770.23 is costs comprised of the following[2]:

| | |
|---|---|
| Filing Fee | $400 |
| Flight to Austin, TX | $726 |
| Cab Fare | $86 |
| Meals | $9.24 |
| Deposition Transcripts | $506.20 |
| Court Transcript | $24.25 |

Exhibit A.

**CONCLUSION**

WHEREFORE, Plaintiff requests the award of $20,000 under the terms of the settlement agreement if the Court were to apply the lodestar method, or in the alternative, 38.01% of the common fund (after the deduction of administrative costs) if the Court applies the common fund method.

                                        Respectfully submitted,

                                        s/ Curtis C. Warner
                                            Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
350 S. Northwest HWY, Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

---

[2] Defendants have already paid the costs of personal service associated with the Summons and Complaint in exchange for Plaintiff not filing a Rule 4 motion seeking attorney's fees and costs as they failed to timely waive service of process in this matter.